ROGOWSKI v. BRILL (two cases). (Supreme Court, Appellate Division, First Department. February 7, 1913.) Appeal from Appellate Term. Action by Henri Rogowski against Max Brill. From a determination of the Appellate Term (132 N. Y. Supp. 1144) reversing judgments of the Municipal Court in actions on promissory notes, plaintiff appeals. Reversed. See, also, 153 App. Div. 894, 137 N. Y. Supp. 1140. Swan & Moore, of New York City (Joseph R. Swan, of New York City, of counsel), for appellant. S. Charles Sugarman, of New York City (M. Spencer Bevins, of New York City, of counsel), for respondent.

PER CURIAM. These are two appeals, argued together, from determinations of the Appellate Term reversing judgments of the Municipal Court in actions on promissory notes brought by the payee against the indorser. The cases have twice been appealed to the Appellate Term and twice reversed, and have been tried by three different Municipal Court judges, who have every time decided in favor of the plaintiff. The defense is that the defendant was an accommodation indorser for the benefit of the plaintiff. The trial court found that he was an indorser for the benefit of the maker. Plaintiff is a printer. The maker of the note was the president of a company which published a newspaper. A careful examination of the facts presented by the record has convinced us that these notes were given for a good consideration, and that the indorsement was obtained in the interests of the publishers to procure its printing by the plaintiff, the printer, and therefore that the judgment of the trial court was right, and the conclusion reached by the Appellate Term erroneous. It follows, therefore, that the determination appealed from should be reversed and the judgments of the Municipal Court reinstated, with costs to the appellant in all courts.

FIRST NAT. BANK OF AMITYVILLE v. THOMAS KELLS SONS CO. et al. (Supreme Court, Appellate Division, Second Department. January 10, 1913.) Action by the First National Bank of Amityville against the Thomas Kells Sons Company and others. Defendant Louis H. Strouse, assignee, appeals.

PER CURIAM. Order affirmed, with $10 costs and disbursements, upon the ground that the assignee did not disclose the facts upon which rested the defense that plaintiff took the check with notice that it was issued without authority, but without prejudice to a new application to Special Term by the appellant, on papers which disclose facts which prima facie support his defense.

FITZGERALD, Appellant, v. BROOKLYN UNION ELEVATED R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 17, 1913.) Action by John Fitzgerald against the Brooklyn Union Elevated Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

FLOCKER, Respondent, v. HUDSON & M. R. CO., Appellant. (Supreme Court, Appellate Division, First Department. January 24, 1913.) Action by Ludwig Flocker, as administrator, against the Hudson & Manhattan Railroad Company. B. L. Pettigrew of New York City, for appellant. M. L. Heidenheimer, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed. See, also, 149 App. Div. 942, 133 N. Y. Supp. 1121.

FORCIAREZ, Respondent, v. AMERICAN GYPSUM CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 15, 1913.) Action by Josephine Forciarez, as administratrix, etc., against the American Gypsum Company. No opinion. Judgment and order affirmed, with costs.

FRENCH, Respondent, v. WRAY, Appellant. (Supreme Court, Appellate Division, Third Department. January 16, 1913.) Action by Harma D. French, as committee of the person and property of William A. Cook, an incompetent person, against Emma Mann Wray. No opinion. Motion for reargument (139 N. Y. Supp. 339) denied.

FRENCH, Respondent, v. WRAY, Appellant. (Supreme Court, Appellate Division, Third Department. January 16, 1913.) Action by Harma D. French, as committee, etc., of William A. Cook, an incompetent person, against Emma Mann Wray.

PER CURIAM. Decision (139 N. Y. Supp. 339) amended, so as to read as follows: "Judgment and order reversed on law and facts, and new trial granted, with costs to appellant to abide event. The specific findings of fact of which this court disapproves as against the weight of evidence are the findings that the defendant's land was included in the descriptions of the deeds under which the plaintiff claims title, that the boundary line between the plaintiff's property and the defendant's was not practically located north of the lands in question, and that the defendant had not acquired title to said lands by adverse possession. All concur; LYON, J., in result."

In re FRINDEL. (Supreme Court, Appellate Division, Second Department. January 17, 1913.) In the matter of Benjamin Frindel, an attorney.

PER CURIAM. Further affidavits may be submitted by the petitioner or the Bar Association on or before January 24, 1913, upon the question whether the respondent has abstained from practice during the period of two years. See, also, 142 App. Div. 901, 127 N. Y. Supp. 1121.

In re FRINDEL. (Supreme Court, Appellate Division, Second Department. January 28.